RICHARD P. TERHUNE

v.

THE MIDLAND RAILROAD COMPANY OF NEW JERSEY et al.

1. Where several railroad corporations have by authority of law been consolidated, this court has no jurisdiction, upon the application of a bondholder and stockholder of one of the original corporations, to put an end to the existence of the consolidated company, upon the alleged ground that it had its origin in a fraudulent design, and was created to answer a fraudulent purpose, nor upon the ground that the proceedings for consolidation had been defective.

2. The bill also seeks relief against a construction company, to which, complainant alleges, certain shares of stock and certain bonds of the original company were fraudulently transferred by the directors of the original company, and asks that the stock and bonds be surrendered.—*Held*, that the directors of the construction company were proper parties, with a view to a discovery.

3. Several defendants, who could not have been compelled to join in one demurrer, demurred separately, but all appeared by the same solicitor and counsel.—*Held*, that only one bill of costs should be allowed them, but that that might embrace the costs of drawing, engrossing and filing all of the demurrers, and drawing, taking and filing the affidavits thereto.

Original and supplemental bills for relief. On general demurrer to amended supplemental bill.

*Mr. J. W. Taylor*, for demurrants.

*Mr. J. A. McCreery*, for complainant.

THE CHANCELLOR.

The object of the complainant in bringing this suit is to protect his interest as a bondholder and stockholder of the Midland Railroad Company of New Jersey. Since he filed his original bill that corporation has, with others, been consolidated into a new corporation, called the New York, Susquehanna and Western Railroad Company. By that bill he sought to protect his interest against the action of the Midland company, and the persons

who constituted a committee of re-organization of the Midland
Railway Company of New Jersey, of which the Midland
Railroad Company of New Jersey is the successor, in issuing
stock and bonds of the latter company in excess of the amounts
limited by the agreement of re-organization. By his supple-
mental bill he seeks to protect that interest against the acts of
the consolidation before referred to, in the issuing of bonds and
stock, and against the acts of the directors of the Midland Rail-
road Company in effecting the consolidation and in the fraudu-
lent issue of stock of the Midland Railroad Company to a
construction company (the New York and Scranton Construction
Company), in which they were interested. After the consolida-
tion had taken place, the resultant corporation, the New York,
Susquehanna and Western Railroad Company, made a mortgage
for $5,500,000 upon its property to the Central Trust Company
of New York, to secure the payment of its bonds. The com-
plainant, by his supplemental bill, did not make the trust com-
pany a party. He made the various companies which were
consolidated, and their directors and stockholders, and the
New York, Susquehanna and Western Railroad Company and
the construction company and their directors, parties. The
apparent and avowed object of the supplemental bill is to dis-
solve, by decree of this court, the New York, Susquehanna and
Western Railroad Company, and to obtain a decree that the con-
struction company surrender the stock and bonds issued to it;
and generally to undo all that has been done in the premises,
whether before or after the consolidation, prejudicial to the
interest of the complainant as a bondholder and stockholder of
the Midland Railroad Company. That company and others of
the defendants demurred to the supplemental bill on the ground
of want of parties (the non-joinder of the trust company), and
want of equity. The complainant submitted to the demurrer so
far as the former ground was concerned, and amended his bill
accordingly. The question submitted on the argument of the
demurrer was whether there is equity in the bill, and if so,
whether the natural persons who have demurred, ought to have
been made parties to it.

The complainant, by the supplemental bill, alleges that the

Terhune *v.* Midland R. R. Co.

defendants, the directors of the Midland Railroad Company, have fraudulently conspired with the defendants, who are directors and stockholders of the other corporations, which with it were consolidated into the New York, Susquehanna and Western Railroad Company, to defraud the complainant by means of the creation of those corporations and that consolidation and the corporate acts of the latter. It is not within the jurisdiction of this court to put an end by its decree to the existence of the consolidated company for the causes alleged in the bill. That corpora-' tion exists by authority of law, and this court therefore has no power to put an end to it on the ground that it had its origin in a fraudulent design and was created to answer a fraudulent purpose. *Atty.-Gen.* v. *Stevens, Sax. 369 ; National Docks Ry. Co.* v. *Central R. R. Co., 5 Stew. Eq. 755.* The complainant, therefore, cannot obtain the relief he seeks on that head.

It is alleged in the bill, it may be remarked, that the proceedings for consolidation are defective, and therefore it is urged that the consolidation was not in fact legally effected. But whether it was legally effected or not is not a question to be decided here. The company is a *de facto* corporation existing under the forms of law. The directors of a corporation may sometimes, indeed, be made parties for discovery merely in a suit for relief against the company ; but here no relief can be granted as against those corporations. If it be conceded that those persons conspired with the directors of the Midland company to create corporations and consolidate them and that company together, in order to get the property of the latter, that is no reason for making them parties; for this court cannot on that ground dissolve the corporation created by the proceedings for consolidation. Any relief which this court may grant against it must, it would seem, be of a prohibitory or preventive character merely. As to the construction company, it is alleged not only that it was created and organized by the directors of the Midland company to defraud the complainant and other stockholders and bondholders of the latter company, but that it received certain shares of stock and certain bonds of that company which were fraudulently transferred to it by the Midland company, and which the complainant insists it

ought to surrender. The bill seeks relief against the construc-tion company, and therefore its directors are proper parties with a view to a discovery.

Those persons who are made parties as directors or stockhold-ers of the corporations other than the Midland company, which were consolidated, are neither necessary nor proper parties, nor are the corporations themselves. Their demurrers, therefore, must be allowed, with costs. As to the other demurrers, the complainant must pay costs thereon up to the time of amendment. Those demurrers would have been sustained on the ground of want of necessary parties, had the complainant not submitted to them so far as that ground was concerned.

The complainant insists that he ought not to be compelled to pay costs on more than one of the demurrers which went to argument. This is on the ground that the filing of more than one should be considered unnecessary and oppressive. The demurrants all appeared by the same solicitor and counsel. In some of the demurrers, it should in fairness be stated, many defendants join; in two instances as many as ten. The questions brought up for decision might indeed all have been presented under one demurrer had the demurrants seen fit to join in one; but they could not be compelled to do so. Under the circumstances it will be proper to allow, as to those demurrers, only one bill of costs, which will be as upon one demurrer only, except that it may include the costs of drawing, engrossing and filing all of them, and drawing, taking and filing the affidavits thereto.